UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

RAUL R. MOTAS
and other similarly situated individuals,

    Plaintiff (s),

v.

NEMPR, LLC

    Defendant.
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, RAUL R. MOTAS, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant NEMPR, LLC, and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiff RAUL R. MOTAS was a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant NEMPR (hereinafter, NEMPR or Defendant) is a Foreign Limited Liability Company, authorized to perform business in Florida, within the jurisdiction of this Court. At all times material, Defendant was and is engaged in interstate commerce.

4. All the actions raised in this Complaint took place in Dade County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

5. This cause of action is brought by Plaintiff RAUL R. MOTAS as a collective action to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked over forty (40) hours during one or more weeks on or after October 2021, (the "material time") without being compensated overtime wages pursuant to the FLSA.

6. Corporate Defendant NEMPR is a foundry and metal processing and recycling Company. Defendant has facilities located at 9599 NW 87 Avenue, Medley, Florida 33178, where Plaintiff worked.

7. Defendant NEMPR employed Plaintiff RAUL R. MOTAS as a non-exempted, full-time, hourly employee, from approximately October 25, 2021, to January 18, 2022, or 12 weeks.

8. Plaintiff's wage rate was $20.40 an hour. Plaintiff's overtime rate should be $30.60 an hour.

9. Plaintiff had duties as a yard employee.

10. During his employment with Defendant, Plaintiff worked overtime hours that were not paid to him at any rate, not even at the minimum wage rate, as required by law.

11. While employed by Defendant, Plaintiff had a regular official schedule. Plaintiff worked six days per week, from Monday to Saturday, more than 40 hours weekly.

12. Plaintiff was paid for all his regular and almost all his overtime hours correctly.

13. Nevertheless, every week, Defendant automatically deducted from Plaintiff's wages 3 working hours, corresponding to 30 minutes of lunchtime daily (0.5 hours x 6 days=3 hours), even though Plaintiff was never able to take bonafide lunch breaks.

14. Plaintiff was not required to clock in and out at lunchtime.

15. These 3 hours, improperly deducted from Plaintiff's wages, constitute 3 additional unpaid overtime hours weekly.

16. As a result, Plaintiff is owed 3 overtime hours each week during his entire relevant period of employment with Defendant.

17. Plaintiff clocked in and out regularly, and Defendant was in complete control of Plaintiff's schedule. Defendant knew that Plaintiff was working more than 40 hours weekly without having lunch breaks.

18. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

19. Plaintiff was paid weekly with checks and paystubs that did not show the number of days and the real number of overtime hours.

20. On or about Friday, January 18, 2022, Plaintiff went to the personnel office and spoke to Ms. Brenda LNU. Plaintiff complained that he had not received a wage raise like everybody else. Plaintiff complained that even though he worked his lunch hour, he did not receive the raise.

21. On or about Monday, January 21, 2022, Manager Brian Martin asked Plaintiff if he had come to the office to complain. Plaintiff stated yes, and Manager Brian Martin told Plaintiff that he was fired because he had complained.

22. Plaintiff intends to recover 3 overtime hours for every relevant week that he was employed by Defendant, liquidated damages, and any other relief as allowable by law.

23. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate about the overtime hours owed to him based on the number of hours deducted as lunchtime. After discovery, Plaintiff will amend his statement of claim accordingly.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME**

24. Plaintiff RAUL R. MOTAS re-adopts every factual allegation stated in paragraphs 1-23 above as if set out in full herein.

25. This action is brought by Plaintiff RAUL R. MOTAS and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

26. The employer NEMPR was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a Metal Processing & Recycling Company. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State

of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

27. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

28. Defendant NEMPR employed Plaintiff RAUL R. MOTAS as a non-exempted, full-time, hourly employee, from approximately October 25, 2021, to January 18, 2022, or 12 weeks.

29. Plaintiff's wage rate was $20.40 an hour. Plaintiff's overtime rate should be $30.60 an hour.

30. Plaintiff had duties as a yard employee.

31. While employed by Defendant, Plaintiff had a regular official schedule. Plaintiff worked six days per week, from Monday to Saturday, more than 40 hours weekly. Plaintiff was paid for all his regular and almost all his overtime hours correctly.

32. Nevertheless, every week, Defendant automatically deducted from Plaintiff's wages 3 working hours, corresponding to 30 minutes of lunchtime daily (0.5 hours x 6 days=3 hours), even though Plaintiff was never able to take bonafide lunch breaks.

33. Plaintiff was not required to clock in and out at lunchtime.

34. These 3 hours improperly deducted from Plaintiff's wages constitute 3 additional unpaid overtime hours weekly.

35. As a result, Plaintiff is owed 3 overtime hours each week during his entire relevant period of employment with Defendant.

36. Plaintiff clocked in and out regularly, and Defendant was in complete control of Plaintiff's schedule, and Defendant knew that Plaintiff was working more than 40 hours weekly without having lunch breaks.

37. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

38. Plaintiff was paid weekly with checks and paystubs that did not show the number of days and the real number of overtime hours worked.

39. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendant. Nevertheless, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

40. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate. After proper discovery, calculations will be adjusted.

   a. <u>Total amount of alleged unpaid wages</u>:

   One Thousand One Hundred One Dollars and 60/100 ($1,101.60)

   b. <u>Calculation of such wages</u>:

   Total time of employment: 12 weeks
   Total relevant weeks of employment: 12 weeks
   Total hours worked: more than 40 hours weekly
   Total unpaid O/T hours: 3 O/T hours (0.5 lunch hours x 6 days=3 hours weekly)

>    Regular rate: $20.40 an hour x 1.5=$30.60
>    O/T rate:  $30.60 an hour
>
>    $30.60 O/T rate x 3 O/T hours rate=$91.80 weekly x 12 weeks=$1,101.60
>
>    c.  <u>Nature of wages (e.g., overtime or straight time):</u>
>
>    This amount represents the unpaid overtime hours.

42. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Defendant to properly pay Plaintiff and others similarly situated at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

43. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

44. Defendant NEMPR willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff and other similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

45. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff RAUL R. MOTAS and against the Defendant NEMPR based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff RAUL R. MOTAS actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff RAUL R. MOTAS demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATION

46. Plaintiff RAUL R. MOTAS re-adopts every factual allegation stated in paragraphs 1-23 of this Complaint as if set out in full herein.

47. The employer NEMPR was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a Metal Processing & Recycling Company. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the

Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

48. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

49. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

50. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

51. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

52. Defendant NEMPR employed Plaintiff RAUL R. MOTAS as a non-exempted, full-time, hourly employee, from approximately October 25, 2021, to January 18, 2022, or 12 weeks.

53. Plaintiff's wage rate was $20.40 an hour. Plaintiff's overtime rate should be $30.60 an hour.

54. Plaintiff had duties as a yard employee.

55. While employed by Defendant, Plaintiff had a regular official schedule. Plaintiff worked six days per week, from Monday to Saturday, more than 40 hours weekly. Plaintiff was paid for all his regular and almost all his overtime hours correctly.

56. Nevertheless, every week, Defendant automatically deducted from Plaintiff's wages 3 working hours, corresponding to 30 minutes of lunchtime daily (0.5 hours x 6 days=3 hours), even though Plaintiff was never able to take bonafide lunch breaks.

57. These 3 hours improperly deducted from Plaintiff's wages constitute 3 additional unpaid overtime hours weekly.

58. As a result, Plaintiff is owed 3 overtime hours each week, during his entire relevant period of employment with Defendant.

59. Plaintiff clocked in and out regularly, and Defendant was in complete control of Plaintiff's schedule, and Defendant knew that Plaintiff was working more than 40 hours weekly without having lunch breaks.

60. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

61. Plaintiff was paid weekly with checks and paystubs that did not show the number of days and the real number of overtime hours worked.

62. Plaintiff was never in agreement with the deduction of 3 hours of lunchtime per week because he could not take bonafide lunchtime.

63. On or about Friday, January 18, 2022, Plaintiff went to the personnel office and spoke to Ms. Brenda LNU. Plaintiff complained that he had not received a wage raise like everybody else. Plaintiff complained that even though he worked his lunch hour, he did not receive the raise.

64. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

65. However, as a direct result of Plaintiff's complaint, on or about Monday, January 21, 2022, Manager Brian Martin asked Plaintiff if he had come to the office to complain. Plaintiff stated yes, and Manager Brian Martin immediately fired Plaintiff. Manager Brian Martin told Plaintiff that he was fired because he had complained.

66. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

67. The termination of Plaintiff RAUL R. MOTAS by Defendant was directly and proximately caused by Defendant's unjustified retaliation against Plaintiff because of his complaints about missing lunch breaks and related overtime payment, in violation of Federal Law.

68. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

69. Defendant NEMPR willfully and maliciously retaliated against Plaintiff RAUL R. MOTAS by engaging in a retaliatory action that was materially adverse to a reasonable employee and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

70. The motivating factor which caused Plaintiff RAUL R. MOTAS to be fired from the business, as described above, was his complaints seeking his regular and overtime wages

from Defendant. In other words, Plaintiff would not have been fired but for his complaints regarding regular and overtime wages.

71. Defendant's adverse actions against Plaintiff RAUL R. MOTAS were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

72. Plaintiff RAUL R. MOTAS has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RAUL R. MOTAS respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant NEMPR that Plaintiff RAUL R. MOTAS recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant NEMPR to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff RAUL R. MOTAS further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff RAUL R. MOTAS demands trial by a jury of all issues triable as of right by a jury.

DATED: March 7, 2022

                                      Respectfully submitted,

                                      By:  /s/ **Zandro E. Palma**
                                      ZANDRO E. PALMA, P.A.
                                      Florida Bar No.: 0024031
                                      9100 S. Dadeland Blvd.
                                      Suite 1500
                                      Miami, FL 33156
                                      Telephone: (305) 446-1500
                                      Facsimile:  (305) 446-1502
                                      zep@thepalmalawgroup.com
                                      *Attorney for Plaintiff*