UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20690-CIV-WILLIAMS/MCALILEY

RAUL R. MOTAS,

    Plaintiff,

v.

NEMPR, LLC,

    Defendant.
    _____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff Raul Motas ("Plaintiff") and Defendant NEMPR, LLC ("Defendant") jointly move the Court to review and approve the settlement reached by the parties and dismiss this case with prejudice, and in support thereof state as follows:

In his two-count Complaint, Plaintiff asserted claims for unpaid wages and retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. The parties have now resolved these claims. In this Circuit, the settlement of an FLSA claim requires judicial review and approval. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). The parties therefore seek the Court's review and approval of their Settlement Agreement and General Release ('Agreement"), attached as **Exhibit A**.

The parties had a *bona fide* dispute under the FLSA. They agree that on 54 working days, Defendant automatically deducted thirty minutes from Plaintiff's worked time for lunch breaks. Whether this resulted in any unpaid wages is disputed. Plaintiff alleges that he did not take *bona fide* lunch breaks, meaning that Defendant failed to pay wages for thirty worked minutes on these

54 days. Defendant maintains that Plaintiff *did* take 30-minute lunch breaks on these days, and therefore Plaintiff is not owed any wages.

The parties agree that if Plaintiff took no lunch breaks on the days in question, then his unpaid wages would amount to $780.30.

In Count II of the Complaint, Plaintiff asserted that his employment was terminated in retaliation for a complaint he made about his lunch hour. Based on information provided to Plaintiff and his counsel since this litigation commenced, the parties now agree that Plaintiff's employment was terminated for a legitimate, non-retaliatory reason. Therefore, the parties' Agreement does not contemplate any damages for Plaintiff's retaliation claim.

The parties and their counsel are familiar with the legal and factual issues presented. Their compromise reflects both parties' acknowledgement that there is substantial risk and uncertainty concerning the disposition of Plaintiff's unpaid wages claim. Both parties believe that their negotiated Agreement is fair and reasonable in order to avoid the additional costs, risks, and uncertainties of protracted litigation.

In addition, the Agreement reached by the parties fully satisfies Plaintiff's attorneys' fees and costs, which were negotiated without regards for the amount paid to Plaintiff, and no amount will be deducted from the amount paid to Plaintiff to satisfy his attorneys' fees and costs. Both parties agree that this is a fair and reasonable amount of attorneys' fees and expenses given the work performed on this case by Plaintiff's counsel.

Both parties have been represented by counsel throughout the litigation. Plaintiff and his counsel have reviewed time and pay records in early discovery. Counsel for the parties represent that the settlement entered into by the parties was an arms-length compromise and there was no

collusion with regard to the settlement of this matter. Counsel for the parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances.

The parties also hereby stipulate to the dismissal with prejudice of this action pursuant to Fed. R. Civ. P. 41(a).

## **MEMORANDUM OF LAW**

### A.     Standard of Review.

Pursuant to the case law of this Circuit, judicial review and approval of a tentative FLSA settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn*, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. Second, when employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may approve the settlement "after scrutinizing the settlement for fairness." *Lynn's*, 679 F.2d at 1352-53.

The Court's role is to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* at 1354. In determining whether the settlement is fair and reasonable the Court considers the following factors: (1) the existence of fraud or collusion behind the settlement, (2) the complexity, expense, and likely duration of the litigation, (3) the stage of the proceedings and the amount of discovery completed, (4) the probability of plaintiff's success on the merits, (5) the range of possible recovery, and (6) the opinions of the counsel. *See Leverso*

*v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007).  The Court should be mindful of the strong presumption in favor of finding a settlement fair.  *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3.

      **B.**    **The Relevant Criteria Support Final Approval of the Settlement.**

Here, the aforementioned factors militate in favor of approving this FLSA settlement.  First, there has been no fraud or collusion involved in the settlement.  The settlement was reached as a result of an arm's-length negotiation in order to reach what both parties believe is a reasonable compromise.

Second, the complexity, expense, and likely duration of the litigation favor approval of the settlement because even if the Plaintiff were to obtain full relief for all 54 days of his employment, the damages he could recover are minimal in comparison to the expense and duration of further litigation.

Third, the parties have reached a resolution early in the proceedings.  The only discovery conducted has been the exchange of time and pay records.

Fourth, the probability of plaintiff's success on the merits is difficult to calculate.  As discussed above, the extent to which Plaintiff actually took *bona fide* lunch breaks remains disputed.  This factual dispute is unlikely to be resolved by way of summary judgment, and there is uncertainty as to which side a jury will believe.  A jury could conclude (1) that Plaintiff never took lunch breaks and is therefore owed $780.30; (2) that Plaintiff always took lunch breaks and is therefore owed nothing; or (3) that Plaintiff sometimes took lunch breaks and is therefore owed something in between.

Fifth, Plaintiff's potentially recovery is anywhere from $0.00 to $1,560.60 ($780.30 unpaid

wages liquidated). As such, the range of potential recovery supports an early settlement at the amount proposed in the settlement agreement.

Sixth, both parties' counsel are of the informed opinion that this FLSA settlement is in the best interests of their respective clients.

## **CONCLUSION**

For the foregoing reasons, the parties jointly and respectfully request that the Court enter an Order approving the Settlement Agreement, and that following the entry of such Order, the Court enter an Order dismissing this case with prejudice.

Dated: May 9, 2022

Respectfully submitted,

| | |
|---|---|
| *s/ Zandro Palma* | *s/ Paul De Boe* |
| Zandro E. Palma, Esq. | David M. DeMaio |
| Florida Bar No. 0024031 | Florida Bar No. 886513 |
| zep@thepalmalawgroup.com | david.demaio@ogletree.com |
| ZANDRO E. PALMA, P.A. | Paul J. De Boe, Esq. |
| 9100 S. Dadeland Blvd., Suite 1500 | Fla Bar No.: 52051 |
| Miami, FL 33156 | paul.deboe@ogletreedeakins.com |
| Telephone: 305.446.1500 | OGLETREE, DEAKINS, NASH, SMOAK & |
| Facsimile 305.446.1502 | STEWART, P.C. |
| | Two Datran Center |
| *Counsel for Plaintiff* | 9130 South Dadeland Boulevard, Suite 1625 |
| | Miami, Florida 33156 |
| | Telephone: 305.374.0506 |
| | Facsimile: 305.374.0456 |
| | |
| | *Counsel for Defendant* |

51366976.v1-OGLETREE