UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20690-CIV-WILLIAMS/MCALILEY

RAUL R. MOTAS,

      Plaintiff,

vs.

NEMPR, LLC,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. The parties filed a Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, which the Honorable Kathleen M. Williams referred to me for a report and recommendation. (ECF Nos. 4, 16).

The Motion attaches the parties' settlement agreement, which provides that Defendant will pay Plaintiff $500 in settlement of his claims and pay Plaintiff's counsel $1,000 for his attorneys' fees and costs. (ECF No. 16-1 ¶ 2). In FLSA actions, the Court must approve settlements of a compromised FLSA claim. *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). The Court may approve such a settlement agreement only after it has determined that it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355. In making this fairness determination, courts may consider the following factors: "(1) the existence of collusion behind the settlement; (2) the complexity, expense and likely duration of the litigation;

1

(3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, Case No. 10-cv-1805, 2012 WL 570060, at *1-2 (M.D. Fla. Feb. 17, 2012) (citations omitted).

The information provided in the Joint Motion easily establishes that the agreed payment to Plaintiff is a fair and reasonable resolution of a bona fide claim. The parties advise that they dispute whether Defendant owes Plaintiff any unpaid wages, and that if Defendant does have this obligation, that sum is no more than $780.30. (ECF No. 16 at 2). Payment to Plaintiff of $500 is plainly a reasonable compromise of Plaintiff's wage claim. The parties also advise that they now agree that Plaintiff was not terminated in retaliation for attempting to enforce his rights under the FLSA, and thus, the settlement agreement does not reflect any payment on that claim. (*Id.*).

The Court must also evaluate the reasonableness of any attorneys' fees included in a FLSA settlement. *Vazquez v. 1052 LLC*, Case No. 15-22677-Civ, 2016 WL 541432, at *1 (S.D. Fla. Feb. 11, 2016) (citation omitted). Courts utilize the lodestar method to determine reasonableness, which multiplies the numbers of hours reasonably expended by a reasonably hourly rate. *See id.* at *2; *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). A party may not recover fees for "excessive, redundant, or otherwise unnecessary" hours. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "When more than one attorney represents a party, a court must deduct from the fee award any redundant hours." *Vazquez*, 2016 WL 541432, at *3 (quotations and citations omitted).

Plaintiff's counsel did not provide the Court with his billing records—something I

would normally need to evaluate the reasonableness of an agreement to pay attorneys' fees and costs. In this case, however, I can reach that conclusion without those records. The docket of this action shows that Plaintiff's counsel's duties included the filing of the Complaint and a Statement of Claim. The Joint Motion documents that counsel exchanged records and engaged in settlement discussions. They also reached agreement on a written settlement agreement and the Joint Motion. Plaintiff of course incurred the cost of this Court's filing fee. It is entirely reasonable to compensate Plaintiff's counsel $1,000 for the inevitable attorneys' fees and cost he incurred in bringing this action.

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** the Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice (ECF No. 16) and approve the parties' settlement agreement (ECF No. 16-1).

**No later than seven days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED in chambers in Miami, Florida, this 11th day of

May 2022.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
Honorable Kathleen M. Williams
Counsel of Record